# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA**

        **Plaintiff,**

-vs-                                        Case No.  CR-3-06-0036

**ROBERT WOODWARD III**

                                   **District Judge Thomas M. Rose**
        **Defendant**

_____

### ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO
### REVOKE DETENTION ORDER (15-1)
_____

      This matter comes before the Court pursuant to Defendant's Motion to Revoke the Detention Order (Doc. #15-1) filed by counsel on January 11, 2006.  The government filed a response (Doc. #17) to said Motion on January 17, 2006.  On April 11, 2006, Defendant entered a plea of guilty to a violation of 18 U.S.C. §924(c)(1), Possession of Firearms in furtherance of a drug offense.  Although said Motion was filed pursuant to 18 U.S.C. §3145, due to the Defendant's subsequent plea, the Court considered said Motion pursuant to 18 U.S.C. §3143(a)(1) and (2).

      Pursuant to 18 U.S.C. 3143(a)(2), a judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A)(B) or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless the judicial officer finds under subparagraph (a)(2)(A)(i) that there is a substantial likelihood that a motion for acquittal or new trial will be granted or under subparagraph (a)(2)(A)(ii) that an attorney for the

Government has recommended that no sentence of imprisonment be imposed on the person; and under subparagraph (a)(2)(B), the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person of the community.

Defendant has pled guilty to an offense described in 18 U.S.C. §3142(B) with a maximum sentence of life imprisonment, there has been no motion filed for acquittal or new trial and the government has not recommended that no sentence of imprisonment be imposed.  With the Court's inability to find either 18 U.S.C. §3143(a)(2)(A)(i) or (a)(2)(A)(ii) it's consideration of a finding under 18 U.S.C. §3143(a)(2)(B) becomes moot.  Although moot, the Court has reviewed the Defendant's record of failures to appear and would not find by clear and convincing evidence that Defendant is not likely to flee.

Therefore, Defendant's Motion is not well-founded and DENIED.

IT IS SO ORDERED.

April 17, 2006                                              **s/Thomas M. Rose**

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE